## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JOEL MUNT,

              Plaintiff,

v.

TOM ROY, MICHELLE SMITH,
TAMMY WHERLEY, MICHAEL
COSTELLO, DAVID REISHUS,
JEANNE MICHELS, SADIE JENSEN,
EDDIE MILES, VICTOR WANCHENA,
MIKE WARNER, UNITED STATES
COURTS, and MN COURTS,

              Defendants.

Case No. 18-cv-3390 (DWF/ECW)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Joel Munt's ("Munt") Civil Rights Complaint Pursuant to 42 U.S.C. §§ 1983, 1985, and First Amendment Right to Petition (Dkt. No. 1 ("Complaint")). Munt is a prisoner at Minnesota Correctional Facility ("MCF") - Oak Park Heights. (*Id.* at 2.) Munt did not pay the filing fee for this matter but instead applied for *in forma pauperis* ("IFP") status. (Dkt. No. 2.) By order dated January 31, 2019, the Court ordered Munt to pay an initial partial filing fee of at least $15.09. (Dkt. No. 3.) Munt paid the initial partial filing fee (Dkt. No. 4) and the matter is again before the Court on Munt's IFP application. By separate order, the Court will grant Munt's application for IFP status, but for the following reasons, the Court here

recommends that defendants MN Courts and U.S. Courts be dismissed (without prejudice) from this action.

Pursuant to 28 U.S.C. § 1915A, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Munt's Complaint names governmental entities including the "MN Courts" and the "United States Courts." (*See, e.g.*, Dkt. No. 1 at 1, 14.) In its § 1915A review, the Court must dismiss "any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Under § 1915A, the Court should also dismiss claims which lack subject matter jurisdiction. *Iverson v. Dept. of Corrections*, 07-cv-4710 DSD/RLE, 2008 WL 205281, at *2 (D. Minn. Jan. 7, 2008), *R&R adopted* (D. Minn. Jan. 24, 2008).

The thrust of Munt's claims against the U.S. Courts and the Minnesota Courts is that they apply legal doctrines that impermissibly constrain habeas corpus claims challenging certain types of prison discipline. (Dkt. No. 1 at 37, 45-47.) He asserts, for instance, that the intersection of certain legal rules has "the effect of completely suspending the privilege of habeas corpus and right to petition for the vast majority of [Minnesota] prison discipline cases . . . ." (*Id.* at 45.) In particular, he points to courts' applications of the doctrine of mootness and the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), and later cases. (*Id.* at 45, 47.)

Having reviewed the Complaint, the Court first recommends dismissal of the claims against the Minnesota Courts. In effect, these are simply claims against the State

2

of Minnesota. State "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment." *Harris v. Mo. Ct. of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986). Under the U.S. Constitution's Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." Notwithstanding the use here of "another State," Eleventh Amendment precedents also establish that "'an unconsenting State is immune from suits brought in federal courts *by her own citizens* as well as by citizens of another state.'" *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). Minnesota—and its courts—are thus immune from suit by Munt in federal court.[1]

Where the Eleventh Amendment makes a state immune from suit, claims against that state should be dismissed. *See, e.g.*, *Cassell v. County of Ramsey*, No. 10-cv-4981 JRT/TNL, 2011 WL 7561261, at *6 (D. Minn. Nov. 2, 2011), *R&R adopted* 2012 WL 928242 (D. Minn. Mar. 19, 2012), *aff'd* 490 F. App'x 842 (8th Cir. 2012). The Court thus recommends the dismissal without prejudice of Munt's claim against the Minnesota Courts.

---

[1] A state can waive its sovereign immunity; furthermore, the U.S. Congress can abrogate state sovereign immunity. *See, e.g.*, *Portz v. St. Cloud St. Univ.*, 297 F. Supp. 3d 929, 937-38 (D. Minn. 2018) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-56 (1996); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002)). But Munt nowhere alleges that either circumstance applies here, *see generally* Dkt. No. 1, nor is the Court aware of any relevant waiver or abrogation.

Second, the Court also recommends dismissal of the U.S. Courts for lack of subject matter jurisdiction. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added.)[2] Having reviewed the Complaint, the Court finds that it lacks subject matter jurisdiction over any claims that Munt seeks to assert against the U.S. Courts.

In *F.D.I.C. v. Meyer*, the U.S. Supreme Court stated that "[a]bsent a waiver, sovereign immunity shields the federal government and its agencies from suit." 510 U.S. 471, 475 (1994) (citing cases). For purposes of this rule, the U.S. courts are a federal agency. *See, e.g.*, *Broughton v. U.S. Bankr. Ct.*, No. 17-cv-0113 (RE), 2017 WL 9482515, at *2 (E.D.N.C. June 15, 2017) (citing cases), *R&R adopted*, 2017 WL 2955762 (E.D.N.C. July 11, 2017); *Gillard v. U.S. Dist. Ct.*, No. 16-cv-10750 (DJC), 2016 WL 1698266, at *2 (D. Mass. Apr. 27, 2016). The Eighth Circuit has held that when "the United States has not waived sovereign immunity [] there is no subject matter jurisdiction." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). Absent subject matter jurisdiction, the district court may order dismissal *sua sponte*. *Id.*

---

[2] The rule speaks in terms of actions, but courts regularly apply it to specific claims within actions. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 812-14 (8th Cir. 1998) (citing Rule 12(h)(3) and determining that district court lacked subject matter jurisdiction over portion of action); *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 18-cv-0939 (WMW/DTS), 2019 WL 1060831, at *2-4 (D. Minn. Mar. 6, 2019) (citing Rule 12(h)(3) and dismissing certain claims within action due to lack of subject matter jurisdiction).

4

Munt's filings say nothing about a potential waiver permitting his claims. The Court observes that under 5 U.S.C. § 702, Congress has waived sovereign immunity for certain federal-court actions seeking only injunctive relief:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. This part of § 702 constitutes a waiver of the United States's sovereign immunity and permits certain federal court claims against the federal government and its agencies. *See, e.g.*, *Elliott v. Wilson*, No. 15-cv-1908 (JNE/KMM), 2017 WL 1185213, at *6 (D. Minn. Jan. 17, 2017) (citing cases), *R&R adopted*, 2017 WL 1180422 (D. Minn. Mar. 29, 2017); *Woody v. U.S. Bureau of Prisons*, No. 16-cv-0862 (DWF/BRT), 2016 WL 7757523, at *2 (D. Minn. Nov. 22, 2016) (citing cases), *R&R adopted*, 2017 WL 150505 (D. Minn. Jan. 13, 2017).

Even if Munt had raised § 702, however, it would not permit his claims against the U.S. Courts. Under the "agency" definition that applies to § 702, the U.S. courts are specifically not an agency. 5 U.S.C. § 701(b)(1)(B); *cf. United States v. Lemon*, No. 99-cr-0079 (PAM/JGL), 2001 WL 1628651, at *1 n.1 (D. Minn. Sept. 11, 2001) (citing statute). Section 702 thus does not constitute a sovereign immunity waiver permitting suit against the U.S. Courts.

Where the federal government's sovereign immunity strips a court of jurisdiction, claims against the government must be dismissed. *See, e.g.*, *Kerber v. Carver Cty. Farm Serv. Agency*, No. 18-cv-09097 (MJD/BRT), 2018 WL 6529494, at *2 (D. Minn. Dec. 12, 2018) (citing *Roth v. United States*, 476 F. App'x 95, 95 (8th Cir. 2012)). The Eighth Circuit has made clear that dismissal for lack of subject jurisdiction should be without prejudice. *See Hart*, 630 F.3d at 1091 (affirming dismissal, but modifying to be without prejudice). Accordingly, the Court recommends the dismissal without prejudice of Munt's claims against the U.S. Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Pursuant to 28 U.S.C. § 1915A, the claims against the Minnesota Courts asserted in Plaintiff Joel Munt's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. Pursuant to 28 U.S.C. § 1915A, the claims against the United States Courts asserted in Plaintiff Joel Munt's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 1, 2019

*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).