UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel Munt,

           Plaintiff,

v.

Paul Schnell, Commissioner of Corrections1; Michelle Smith, OPH Warden; Tammy Wherley, former OPH AWA; Michael Costello, Former STW Discipline Lt.; David Reishus, OPH AWO, OPH Transfer Office; Jeanne Michels, OPH Education Director; Sadie Jensen, former OPH Librarian; Eddie Miles, STW Warden; Victor Wanchena, STW AWA; Mike Warner, STW Discipline Lt.; United States Courts; and MN Courts,

           Defendants.

Civil No. 18-3390 (DWF/ECW)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court upon *pro se* Plaintiff Joel Munt's ("Plaintiff") self-styled objections (Doc. No. 9) to Magistrate Judge Elizabeth Cowan Wright's April 1, 2019 Report and Recommendation (Doc. No. 6) insofar as it recommends that: (1) pursuant to 28 U.S.C. § 1915A, the claims against the Minnesota Courts asserted in Plaintiff Joel Munt's Complaint be dismissed without prejudice, and (2) pursuant to

---

1     Paul Schnell, Commissioner of Corrections, is substituted for Tom Roy, Commissioner of Corrections, pursuant to Federal Rule of Civil Procedure 25(d).

28 U.S.C. § 1915A, the claims against the United States Courts asserted in Plaintiff Joel Munt's Complaint be dismissed without prejudice.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

In the Report and Recommendation, the Magistrate Judge explained that: (1) Minnesota Courts, as state entities, are not vulnerable to § 1983 suits because they are protected by state immunity under the Eleventh Amendment; and (2) the Court lacks subject matter jurisdiction over any claims that Plaintiff seeks to assert against United States Courts. With respect to the United States Courts, the Magistrate Judge further clarified that absent a waiver, sovereign immunity shields the federal government and its agencies from suit.[2] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).

Plaintiff argues that the Magistrate Judge's recommendation to dismiss his claims against Minnesota Courts is incorrect because the language in the Eleventh Amendment does not preclude suits against its state by its own citizens. Plaintiff is correct that the

---

[2] The Magistrate Judge also noted that even if Plaintiff sought waiver under 5 U.S.C. § 702 for certain federal-court actions seeking only injunctive relief, his claims still fail because U.S. courts are specifically not an agency for which waiver applies. 5 U.S.C. § 701(b)(1)(B).

plain terms of the Eleventh Amendment do not bar suits against a State by its own citizens; nonetheless, the U.S. Supreme Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. *See, e.g.*, *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Pennhurst State Sch. and Hosp. v Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Mo. Dept. of Pub. Health and Welfare*, 411 U.S. 279, 280 (1973). Plaintiff contends that even if his claims are barred by the Eleventh Amendment, the Fourteenth Amendment abridged state immunity. While it is true that the Fourteenth Amendment may subject states to suit under certain limited circumstances, the exceptions are inapplicable here. Finally, Plaintiff contends that the Magistrate Judge's recommendation to dismiss Defendants Minnesota Courts and United States Courts is based on a technicality and that it is an unfair burden for a *pro se* plaintiff to know who to name as proper defendants. The Court recognizes Plaintiff's frustration with a complicated system, but after a careful review of his objections, the Court finds no reason to depart from the Magistrate Judge's recommendations.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Plaintiff Joel Munt's objections (Doc. No. [9]) to Magistrate Judge Elizabeth Cowan Wright's April 1, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Elizabeth Cowan Wright's April 1, 2019 Report and Recommendation (Doc. No. [6]) is **ADOPTED**.

3. Pursuant to 28 U.S.C. § 1915A, the claims against the Minnesota Courts asserted in Plaintiff Joel Munt's Complaint (Doc. No. [1])) are **DISMISSED WITHOUT PREJUDICE**.

2. Pursuant to 28 U.S.C. § 1915A, the claims against the United States Courts asserted in Plaintiff Joel Munt's Complaint (Doc. No. [1]) are **DISMISSED WITHOUT PREJUDICE**.

3. Paul Schnell, Commissioner of Corrections, is substituted for Tom Roy, Commissioner of Corrections as a defendant in this action.

Dated: June 20, 2019          s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge