# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Munt, | Civil No. 18-3390 (DWF/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, *Commissioner of Corrections*; Michelle Smith, *OPH Warden*; Tammy Wherley, *former OPH AWA*; Michael Costello, *Former STW Discipline Lt.;* David Reishus, *OPH AWO, OPH Transfer Office*; Jeanne Michels, *OPH Education Director*; Sadie Jensen, *former OPH Librarian*; Eddie Miles, *STW Warden*; Victor Wanchena, *STW AWA*; Mike Warner, *STW Discipline Lt*. | |
| Defendants. | |

This matter is before the Court upon *pro se* Plaintiff Joel Munt's ("Plaintiff") self-styled objections (Doc. No. 50) to Magistrate Judge Elizabeth Cowan Wright's July 15, 2019 Order (Doc. No. 43 ("July Order")) insofar as it denied in part his requests for a 60-day extension (Doc. No. 34) and to exceed the word count limit (Doc. No. 35) in response to Defendants' Motion to Dismiss (Doc. No. 42). The Court also addresses Plaintiff's failure to comply with the July Order.

## I. Plaintiff's Objections

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v.*

*Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 983, (D. Minn. Aug. 7, 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

In her July Order, the Magistrate Judge explained that while she had considered Plaintiff's request for a 60-day extension, she found that a 30-day extension after the July 3, 2019 deadline was more appropriate.[1] (July Order at 1.) She also considered Plaintiff's request to double the word count limit from 12,000 to 24,000 words. (*Id.*) Observing that Defendant's opening brief was only 6,750 words, she found that increasing Plaintiff's limit to 18,000 words was sufficient.[2]

Plaintiff first argues that the Magistrate Judge's rulings acted as a de facto dismissal of his case because it was impossible for him to respond to Defendants' Motion

---

[1] Defendants filed their Motion to Dismiss on June 28, 2019. (Doc. No. 29.) Recognizing that Plaintiff did not receive the Motion to Dismiss until July 3, 2019, the Magistrate Judge granted Plaintiff 30 days after July 3. The July Order specified that Plaintiff's response was due August 2, 2019. (July Order at 2.)

[2] Magistrate Judge Wright also increased Defendants' limit to 18,000 words for their opening brief and any reply. (*Id.* at 2.)

to Dismiss within 30 days and with just 18,000 words. (Doc. No. 50.) Accordingly, he argues that the Magistrate Judge exceeded her authority by ruling on what amounted to a dispositive motion. (*Id.* at 1) Plaintiff also alleges that the Magistrate Judge erred by failing to grant him more time to respond. He contends that because Defendants filed their dispositive motion to dismiss on June 26, 2019, pursuant to L.R 7.1(c)(2), his original deadline to respond was 21 days later on July 19, 2019. By requiring his response on August 2, 2019, Plaintiff argues that the 30 day extension was in reality only 14 days. (*Id.*) He also contends that the Magistrate Judge failed to consider the reasons that he requested the extension, including his argument that Defendants control his access to resources. (*Id.* at 3-4) Finally, he contends that denying him the time and space to properly respond violates his constitutional protections. (*Id.* at 5.)

The Court finds that Magistrate Judge Wright's July 15, 2019 Order is neither clearly erroneous nor contrary to law. First, Plaintiff's requests for an extension and to exceed the word limit are not dispositive motions. Dispositive motions are those which entirely dispose of all or part of the claims in favor of the moving party. A decision not to give *more* words or time beyond what is specified in the Local Rules in no way disposes of all or part of Plaintiff's claims, nor does it in any way violate Plaintiff's constitutional protections.

While Plaintiff feels that the Magistrate Judge's rulings hinder his ability to respond as fully or thoughtfully as he would like, the Court observes that the Magistrate accommodated his requests by not holding him to the 12,000 word limit pursuant to Local Rule 7(f), or the 21 day deadline to respond pursuant to Local Rule 7(c)(2). The

fact that Plaintiff received fewer words and less time than he requested does not alter the fact that he received *more* than the Rules permit. The Court understands Plaintiffs' frustration; however, the Rules are designed to facilitate judicial economy and efficiency. If every litigant was permitted unlimited words and time to respond, the court system would be unmanageable. Accordingly, the Court affirms the Order because it is neither clearly erroneous, nor contrary to law.

## II. Plaintiff's Failure to Comply

The Court next addresses Plaintiff's failure to comply with the Order. On August 19, 2019, Plaintiff simultaneously requested permission to file (Doc. No. 53 ("Request")) and filed a late, oversized brief consisting of 124 pages (Doc. No. 55), 17 days after the deadline. On August 22, 2019 Defendants filed a response in opposition to Plaintiff's request to file the late and oversized brief. (Doc. No. 57 ("Opp.").) Plaintiff filed a reply to Defendant's opposition on August 30, 2019. (Doc. No. 59 ("Reply").)

In short, Plaintiffs contends that his late and oversized brief was necessary for largely the same reasons he requested additional time and words in the first place.[3] (Request at 1-5.) Defendants contend that the Court should decline to accept Plaintiff's late and oversized brief because he failed to justify with good cause why it was untimely and oversized, and because he failed to fully comply with Local Rule 7.1 by failing to

---

[3] Plaintiff also reiterates his argument with respect to the actual length of the Magistrate Judge's extension; specifically, that the 30-day extension was in reality only 14 days. (Reply at 1.) Accordingly, he contends that his brief was timely. No less, the July Order clearly specified that his response was due on August 2, 2019. (*See* July Order at 2.)

4

receive permission in advance. (Opp. at 2-3.) They also cite Plaintiff's blatant disregard for the Magistrate Judge's Order. (*Id.* at 1.)

The Court finds Plaintiff's wanton disregard of the July Order unacceptable. No less, in recognition that Plaintiff is a *pro se* litigant, the Court grants him a certain degree of latitude. Plaintiff shall have 14 additional days to file a response consisting of no more than 18,000 words, as specified in the July Order. Defendants shall then have 14 days to respond to the conforming memorandum after it is filed.

## ORDER

1. Plaintiff Joel Munt's objections (Doc. No. [50]) to Magistrate Judge Elizabeth Cowan Wright's July 15, 2019 Order are **OVERRULED**.

2. Magistrate Judge Elizabeth Cowan Wright's July 15, 2019 Order (Doc. No. [43]) is **AFFIRMED**.

3. Plaintiff's Request to Accept Late and Oversized Brief (Doc. No. ([53]) is **DENIED**.

4. Plaintiff's Memorandum in Opposition to Motion to Dismiss (Doc. No. [55]) is stricken.

    a. Plaintiff may re-file a response to Defendant's Motion to Dismiss consisting of no more than 18,000 words within 14 days of this Order.

Dated: September 20, 2019        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge