**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Joel Munt,	Civil No. 18-3390 (DWF/ECW)

            Plaintiff,

v.	**ORDER**

Paul Schnell, *Commissioner of Corrections*; Michelle Smith, *OPH Warden*; Tammy Wherley, *former OPH AWA*; Michael Costello, *Former STW Discipline Lt.;* David Reishus, *OPH AWO, OPH Transfer Office*; Jeanne Michels, *OPH Education Director*; Sadie Jensen, *former OPH Librarian*; Eddie Miles, *STW Warden*; Victor Wanchena, *STW AWA*; Mike Warner, *STW Discipline Lt*.

            Defendants.

      This matter is before the Court upon *pro se* Plaintiff Joel Munt's ("Plaintiff") self-styled Motion for Reconsideration or Extension (Doc. No. 71 ("Motion")) to the Court's September 20, 2019 Order (Doc. No. 65 ("Order")) insofar as it denied in part his requests for a 60-day extension and to exceed the word count limit in response to Defendants' Motion to Dismiss (Doc. No. 29).[1]

      The Court first observes that pursuant to Local Rule 7.1(j), Plaintiff must seek permission to file a motion for reconsideration prior to filing the motion. Under Local

---

[1] The Court's Order affirmed Magistrate Judge Elizabeth Cowan Wright's July 15, 2019 Order (Doc. No. 43 ("July Order")). The Order also addressed Plaintiff's failure to comply with the July Order.

Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider.  D. Minn. L.R. 7.1(j).

Plaintiff did not seek permission prior to filing his motion.  Recognizing that Plaintiff is a *pro se* litigant, the Court grants him a certain degree of latitude and will consider his motion.  The Court cautions, however, that Plaintiff must familiarize himself with and adhere to the Rules going forward.

Plaintiff contends that the Court ignored or "brushed off" his arguments with respect to his need for additional time and words in response to Defendants' Motion to Dismiss.  (Motion at 1-2.)  He also objects to the Court's finding that he wantonly disregarded the Magistrate Judge's July 15, 2019 Order (Doc. No. 43) by failing to comply with the specified time and word limits.  Plaintiff alleges that the Court's failure to grant him the additional time and words that he requests is a de facto dismissal of his case.  (Motion at 3-4.)

Here, the Court *did* grant Plaintiff additional time and words, even granting additional time to correct a filing in blatant disregard of the July Order.  The Court observes that instead of attempting to comply with the Order, Plaintiff filed a motion objecting to the Rules and arguing that they do not apply to him.

The Court understands that Plaintiff disagrees with the Court's decision; however, Plaintiff has failed to present compelling circumstances that warrant reconsideration.  The Court has already considered Plaintiff's arguments and rejected them.  A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an

opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.,* 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Having fully considered Plaintiff's submission, the Court concludes that Plaintiff has failed to demonstrate the "extraordinary circumstances" necessary to warrant reconsideration.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration or Extension (Doc. No. [71])) is **DENIED**.

Dated: October 11, 2019          s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge