UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Munt, | Civil No. 18-3390 (DWF/ECW) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Paul Schnell, Commissioner of Corrections; Michelle Smith, OPH Warden; Tammy Wherley, former OPH AWA; Michael Costello, Former STW Discipline Lt.; David Reishus, OPH AWO, OPH Transfer Office; Jeanne Michels, OPH Education Director; Sadie Snyder[1], former OPH Librarian; Eddie Miles, STW Warden; Victor Wanchena, STW AWA; Mike Warner, STW Discipline Lt.; United States Courts; and MN Courts, | |
| Defendants. | |

This matter is before the Court upon *pro se* Plaintiff Joel Munt's ("Plaintiff") self-styled objections (Doc. No. 91 ("Obj.")) to Magistrate Judge Elizabeth Cowan Wright's January 31, 2020 Report and Recommendation (Doc. No. 90 ("R&R")) insofar as it recommends that: (1) Defendants' Motion to Dismiss (Doc. No. 29) be granted; (2) Plaintiff's Request for a Stay and Sanctions (Doc. No. 36) be denied; (3) Plaintiff's Request for a Gag Order (Doc. No. 38) be denied; (4) Plaintiff's Motion to Certify Class (Doc. No. 61) be denied as moot; (5) Plaintiff's Motion to Strike (Doc. No. 86) be

---

[1] Sadie Jensen is now known as Sadie Snyder. (Doc. No. 19 at 1 n.1.)

denied; (6) Plaintiff's Request for Court Actions (Doc. No. 87) be denied; and (8) Plaintiff's claims be dismissed without prejudice.[2]

The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections. The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). As discussed below, the Court finds no reason to depart from the Magistrate Judge's recommendations.

## I. Defendants' Motion to Dismiss

Plaintiff contends that the "Magistrate appears to give no thought to the Complaint nor the extensive arguments in [his] response to the dismissal" and that she did not address "the relevant factual allegations or law." (Obj. at 1-2.) He similarly contends that she "ignored," "failed to consider," "imagined" things, or "missed the crux" of the case. (*Id.* at 3, 5-7, 10-11, 16, 20-21.) The Court disagrees. Indeed, the Court finds that Magistrate Judge Wright thoroughly addressed all of Plaintiff's claims, considered each of his arguments, and clearly explained why each claim fails. (R&R at 17-51.) Moreover, the Court finds her recommendations factually and legally correct.

### A. Claims for Damages

Magistrate Judge Wright correctly explained that the Eleventh Amendment and 42 U.S.C. § 1983 bar Plaintiff's claims against Defendants acting in their official and

---

[2] Defendants filed a response to Plaintiff's objections. (Doc. No. 92.)

individual capacities. To the extent that Plaintiff seeks monetary relief, the Magistrate Judge explained that Plaintiff's claims fail because Minnesota has not waived its Eleventh Amendment immunity from suit in federal court, nor has Congress abrogated immunity to § 1983 claims. (*Id.* at 17-18.) Moreover, Magistrate Judge Wright explained that Plaintiff's requests for retrospective equitable injunctive relief must be connected to an ongoing violation of federal law and that "while [Plaintiff] makes the conclusory argument that the effects of [his] charges and conviction will last his entire life" the Complaint does not allege any facts plausibly suggesting that the charges and convictions are actually having an ongoing effect on him. (*Id.* at 18-20.) Accordingly, she recommended that all of Plaintiff's § 1983 claims against Defendants acting in their official capacities be dismissed. (*Id.* at 18, 20.)

With respect to Plaintiff's requests for injunctive relief against Defendants acting in their individual capacities, the Magistrate Judge correctly relied on several other courts to conclude that the Eleventh Amendment bars injunctive relief against individual defendants acting in their personal capacity. (*Id.* at 20.) Accordingly, she recommended that these claims be dismissed as well. (*Id.*) While the Eighth Circuit has not yet decided the issue, the Court agrees with Magistrate Judge Wright's analysis.

Plaintiff disagrees with the Magistrate Judge's findings; however, he merely restates the same arguments that the Magistrate Judge properly considered and rejected. (Obj. at 3-5.) Accordingly, the Court finds no reason to depart from Magistrate Judge Wright's recommendations.

### B. Federal Rights Allegations

The Magistrate Judge also addressed how each of Plaintiff's claims fail for failure to state a claim for violation of his federal rights. (R&R at 21-48.) Plaintiff's claims include: (1) retaliation; (2) a challenge to the constitutionality of certain disciplinary rules; (3) due process; (4) equal protection; (5) access to courts; and (6) conspiracy.

#### 1. Retaliation

Magistrate Judge Wright correctly explained that Plaintiff's retaliation claim fails for the following reasons: (1) Plaintiff's 2015 discipline resulted from his own disruptive conduct; (2) even if Plaintiff had a constitutional right to remain at any specific correctional facility, transfer from his preferred facility was a result of his own disorderly conduct and potential for security risk; (3) Plaintiff's 2017 discipline was the result of a series of rules violations to which he pleaded guilty; and (4) Plaintiff's allegation that his 2018 discipline was the result of retaliation was conclusory and unsupported by his own admissions. (*Id.* at 21-27 (citing *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009)).) In short, the Magistrate Judge concluded that Plaintiff's retaliation claim fails because he failed to plausibly allege retaliatory discipline.

Plaintiff objects to the Magistrate Judge's conclusion on the grounds that she "fail[ed] to take the allegations in the Complaint as true," "ignored" facts, or failed to consider his arguments. (Obj. at 5-10.) He also reasserts many of the same arguments the Magistrate Judge properly considered and rejected. Notwithstanding, the Court finds no reason to depart from the Magistrate Judge's factually and legally correct recommendation that Plaintiff's retaliation claim fails.

### 2. Challenge to Constitutionality

The Magistrate Judge also explained that Plaintiff's challenge to the constitutionality of certain Department of Corrections Offender Discipline Regulations ("ODR") fails. (R&R at 27-35.) She first addressed Plaintiff's allegation that an order prohibiting him from communicating with a correctional officer with whom he alleges he had a romantic relationship violates the First Amendment, and explained that the claim fails because (1) even if Plaintiff's expression of his romantic feelings for a correctional officer constituted protected speech, there was still a valid rational connection between the order and the government's interest in maintaining order in the prison and protecting its staff; and (2) Plaintiff did not allege any alternative or accommodation to prohibiting his communications with the officer that would have a de minimus cost to the valid penological security interests and would not have a serious ripple effect as to other staff and inmates. (*Id.* at 28-29 (citing *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)).) Accordingly, Magistrate Judge Wright found that order did not violate Plaintiff's constitutional rights. (*Id.* at 29.)

Magistrate Judge Wright next addressed Plaintiff's allegation that the ODRs are unconstitutionally vague and overbroad and explained that the claim also fails in this respect because: (1) his vagueness challenge is based on certain words taken out of context and a person of common intelligence would have fair notice of what conduct is prohibited by the ODRs; and (2) his facial overbreadth challenge fails to state a claim because all ODRs in question are directly related to legitimate penological interests of

prison safety and security, and because his arguments as to which applications are allegedly unconstitutional are unpersuasive. (*Id.* at 32-34.)

The Magistrate Judge also explained that Plaintiff's "as applied" First Amendment challenges fail because: (1) the disorderly conduct regulation as applied to Plaintiff's 2015 discipline put him on fair notice that he could not become angry and aggressive; and (2) Plaintiff failed to allege sufficient facts to plausibly state a claim for relief to an "as applied" challenge to the Sexual Behavior and Soliciting/Bribery ODRs. (*Id.* at 34-35.)

Plaintiff again objects on the grounds that the Magistrate Judge ignored or failed to consider his arguments that the ODRs are vague or overbroad. (Obj. at 10-12.) He also alleges that the precedent she cited does not apply to the prison setting, and that she "showed partiality by ruling the way she did." (*Id.* at 11-12.) Plaintiff also objects to the Magistrate Judge's analysis of his "as applied" challenge. (*Id.* at 13-14.) He contends that such challenges are "highly fact dependent" and that the Magistrate Judge improperly relied on: (1) an incident report that stated he was "extremely angry and aggressive;" and (2) his admissions to violating the Abuse/Harassment and Disorderly Conduct ODRs. (*Id.* at 13-14.) He further contends that the Magistrate Judge "acted as an advocate for Defendants, making defenses and arguments to protect the rules Defendants chose not to argue, both for factual and as applied challenges." (*Id.* at 14.) Having reviewed the record, the Court disagrees.

As discussed above, the Magistrate Judge considered Plaintiff's arguments, noted the legitimate penological interests of prison safety and security, and found his

overbreadth and vagueness arguments unpersuasive. She also considered facts alleged in the Complaint, including the incident report and Plaintiff's admissions to violating certain ODRs, and reasonably concluded that his "as applied" challenges fail. The Court understands that Plaintiff disagrees with the Magistrate Judge's conclusions; however, the Court finds that her analyses and conclusions are factually and legally correct. Therefore, the Court finds no reason to depart from Magistrate Judge Wright's conclusion that Plaintiff's challenge to the constitutionality of certain ODRs fails.

### 3. Due Process

Magistrate Judge Wright also thoroughly discussed Plaintiff's due process claim – parsing from his Complaint all foreseeable contexts under which the claim could arise. (R&R at 35-41.) The Magistrate Judge first explained that any claim arising from Plaintiff's 2015 discipline fails because Plaintiff failed to show deprivation of a protected liberty interest through his placement in segregation.[3] (*Id.* at 38.) She also explained that any claim arising from a job that Plaintiff allegedly lost fails because the Eighth Circuit has held that prisoners have no constitutional right to a particular prison job. (*Id.* at 40 (citing *Lomhold v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)).) Finally, the Magistrate Judge explained that any claim arising from Plaintiff being prohibited from communicating with a correctional officer he claims he had a relationship with fails because the alleged violation does not appear to have occurred as a result of any hearing

---

[3] Magistrate Judge Wright observed that Plaintiff's placement in segregation for 30 days does not constitute an extraordinary length of time, nor does he allege facts plausibly suggesting that his 30 days in segregation was an atypical or significant hardship in the context of prison life. (R&R at 38-39.) The Court agrees.

7

or other process and because any such claim would be subsumed by his First Amendment claim. (*Id.*)

Moreover, Magistrate Judge Wright explained that to the extent Plaintiff's claim is based on substantive due process, it fails because his Complaint lacks facts that demonstrate Defendants' conduct was intended to injure Plaintiff in an unjustifiable way. (*Id.*) Accordingly, she concluded that Plaintiff's due process claim, whether procedural, substantive, or both, fails to state a claim upon which relief may be granted. (*Id.* at 41.)

Plaintiff contends that the Magistrate Judge "fail[ed] to consider the Due Process claims at all," and reasserts the same arguments he raised in opposition to Defendants' Motion to Dismiss. (Obj. at 15.) Noting Plaintiff's objection, the Court finds that the Magistrate Judge thoroughly considered Plaintiff's arguments, construing a wide range of possible violations, and clearly explained why each fails. The Court finds no reason to depart from her factually and legally correct conclusions.

### 4. Equal Protection

Magistrate Judge Wright correctly explained that the Equal Protection Clause requires state actors to treat similarly situated persons alike, but state actors do not violate the Equal Protection Clause if they treat dissimilarly situated persons differently. (R&R at 41 (citing *Ganley v. Minneapolis Park and Recreation Bd.*, 491 F.3d 743, 757 (8th Cir. 2007)).) She also correctly stated that while Plaintiff identified a number of difficulties that prisoners face, he failed to allege facts that would support an inference that he was treated differently from similarly situated individuals. (*Id.* at 41-42.) Moreover, she

found that the Plaintiff failed to allege facts suggesting purposeful or intentional discrimination by Defendants. (*Id.* at 42.)

Plaintiff again objects on the grounds that the Magistrate Judge failed to consider his arguments or to address his claims. (Obj. at 15-16.) He contends that she "ignored precedent showing [one] need not identify specific individuals treated differently in the Complaint, only that you were treated differently than others similarly situated and that there was no rational basis for the difference." (*Id.* at 16.) The Court understands that Plaintiff does not feel heard; however, the record clearly reflects that the Magistrate Judge considered Plaintiff's arguments and rejected them. The Court finds that her recommendation to dismiss Plaintiff's Equal Protection Claim is factually and legally correct and finds no reason to depart from it.

### 5. Access to Courts

Magistrate Judge Wright also correctly explained that Plaintiff's Access to Courts claim fails because he does not identify any nonfrivolous or meritorious legal claim that he was or is being prevented from litigating. (R&R at 43 (citing *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)).) She observed that the record reflects numerous letters, requests, and motions in connection with his claims, and that while Plaintiff alleges that he was denied the ability to pursue other court actions, his Complaint does not specify any causes of action that prison officials prevented him from bringing. (*Id.* at 44.) The Magistrate Judge concluded that because Plaintiff fails to show injury, he lacks standing to bring a right of access claim. (*Id.* at 43-44 (citing *White*, 494 F.3d at 680).) Accordingly, she recommended dismissal due to lack of jurisdiction. (*Id.*)

Plaintiff contends that the Magistrate Judge erred when she concluded that he did not suffer harm and reasserts the arguments she properly considered and rejected. (Obj. at 16-17.) The Court finds that the Magistrate Judge correctly applied the law and rightly concluded that Plaintiff failed to meet the pleading requirement to sustain his claim because he had not identified any nonfrivolous or meritorious underlying legal claim that he was or is being prevented from litigating. Therefore, the Court finds no reason to depart from Magistrate Judge Wright's recommendation that Plaintiff's Access to Courts claim fails.

### 6. Conspiracy

Magistrate Judge Wright next addressed Plaintiff's claim that Defendants conspired to violate his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986.[4] (R&R at 45-48.) She correctly concluded that because Plaintiff's § 1983 conspiracy claim relates to his failed retaliation and access to courts claims, it necessarily fails as well. (*Id.* at 47.) She also explained that Plaintiff's § 1985 conspiracy claim fails because the named Defendants are all employees under the same governmental organization, and a government entity or corporation cannot conspire with itself.[5] (*Id.* (citing *Habhab v. Hon*, 536 F.3d 963, 969 (8th Cir. 2008)).) Moreover, she correctly observed that because Plaintiff's other allegations of federal rights violations fail, the

---

[4] Plaintiff's complaint does not include a § 1986 claim; however, he raised it in his response to Defendants' motion to dismiss.

[5] The Magistrate Judge also found that Plaintiff failed to plausibly allege Defendants' acts were outside of the scope of their employment or for their own benefit. (R&R at 46 n.23.)

10

§ 1985 conspiracy claim fails as well.  (*Id.* at 47.)   Finally, while Magistrate Judge Wright observed that she need not address Plaintiff's § 1986 conspiracy claim because he asserted it in his response as opposed to his Complaint, she correctly observed that it fails because it must be predicated on a valid § 1985 claim.   Accordingly, Magistrate Judge Wright recommended dismissing all of Plaintiff's civil rights conspiracy claims.   (*Id.* at 48.)

Plaintiff contends that the Magistrate Judge erroneously resolved a factual dispute by finding that the Complaint "does not suggest [Defendants] acted outside their scope of employment or for their own benefit," and again maintains that she ignored his arguments.   (Obj. at 17-18.)   The Court finds that the Magistrate Judge properly considered Plaintiff's arguments and rejected them.   The Court agrees with the Magistrate Judge that because Plaintiff's conspiracy claims are predicated on other failed claims, the conspiracy claims necessarily fail.   Accordingly, the Court finds no reason to depart from her recommendation.

### C. Other Findings

#### 1. Individual Capacity Claims Fail

The Magistrate Judge also explained that Plaintiff cannot maintain individual capacity claims against Defendants Schnell, Smith, Miles, Warner, and Wanchena for damages under § 1983 because he fails to plead sufficient personal involvement.   (R&R at 48-49.)   She correctly observed that Plaintiff alleges only that the aforementioned individuals have "ultimate" or "overall" authority over various policies, not that each individual defendant, through his or her own actions, violated the Constitution.   (*Id.*)

Plaintiff contends that "he showed [in his response that] a Defendant can be personally liable for permitting policies, etc. that lead to a violation," and that he "went into the involvement of each Defendant." (Obj. at 19-20.) He argues further that "the individual incidents are merely symptoms of the systemic problems with the DOC," and that the "Magistrate appears to have totally missed the crux of this case." (*Id.*) While Plaintiff disagrees with the Magistrate Judge's conclusion, the Court finds that the Magistrate Judge properly considered and rejected Plaintiff's arguments. Moreover, the Court finds that Magistrate Judge Wright's findings are factually and legally correct. Accordingly, the Court finds no reason to depart from the Magistrate Judge's recommendation that Plaintiff's individual capacity claims fail.

### 2. Punitive Damages Claim Fails

Magistrate Judge Wright correctly observed that "awarding punitive damages in a § 1983 case requires a factfinder to conclude that a defendant's conduct is either 'motivated by evil motive or intent' or 'involves reckless or callous indifference to the federal protected rights of others.'" (R&R at 49 (citing *Williams v. Hobbs*, 662 F.3d 994, 1011 (8th Cir. 2011)).) She concluded that even assuming Plaintiff's claims could withstand Defendants' Motion to Dismiss, there are no allegations suggesting that any of Defendants' conduct was motivated by "evil motive or intent" or involved a "reckless indifference" to Plaintiff's federally protected rights. (*Id.* at 50.) Accordingly, the Magistrate Judge recommended dismissing Plaintiff's claim for punitive damages.

Plaintiff contends that the Magistrate Judge's "conclusion the acts alleged of Defendants are not malicious or recklessly indifferent to my constitutional rights is

clearly erroneous and appears to take no account of those allegations." (Obj. at 22-24.) He argues further that her conclusion fails to draw inferences in his favor. (*Id.*) Again, the record clearly reflects that the Magistrate Judge properly considered Plaintiff's arguments and rejected them. The Court notes Plaintiff's frustration; however, the Court finds that the Magistrate Judge correctly applied the law and found that even if Plaintiff's other claims did not fail, there is no basis for punitive damages. Accordingly, the Court finds no basis to depart from her recommendation.

### 3. Defendants Entitled to Qualified Immunity

Magistrate Judge Wright also correctly explained that "qualified immunity shields government officials from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would know." (R&R at 50 (citing *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016)).) Because she recommended dismissal of Plaintiff's federal constitutional claims, the Magistrate Judge concluded that Defendants are entitled to qualified immunity. (*Id.*)

Plaintiff objects to the Magistrate Judge's recommendation on the grounds that his constitutional claims do not fail, and therefore contends that Defendants are not entitled to qualified immunity. (Obj. at 24.) As discussed above, the Court finds no reason to depart from the Magistrate Judge's recommendations that Plaintiff's constitutional claims fail. Consequently, the Court also finds no reason to depart from her recommendation that Defendants are entitled to qualified immunity.

#### 4. State-Law Claims

Finally, the Magistrate Judge observed that because she recommended dismissing all claims over which the Court has original jurisdiction, she also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. (R&R at 51-52.) She correctly stated, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." (*Id.* at 51 (citing 28 U.S.C. § 1367(c)(3)).)

Plaintiff again objects to the Magistrate Judge's recommendation on the grounds that his constitutional claims do not fail, and therefore contends that the Court should exercise supplemental jurisdiction over his state law claims. (Obj. at 24.) As stated above, the Court finds no reason to depart from the Magistrate Judge's recommendations that Plaintiff's constitutional claims fail. Consequently, the Court also finds no reason to depart from her recommendation that the Court decline to exercise supplemental jurisdiction over his state-law claims.

## II. Plaintiff's Motions

The Magistrate also addressed Plaintiff's: (1) Motion to Strike (Doc. No. 86.); (2) Motion/Request for a Stay and Sanctions (Doc. No. 36); (3) Motion/Request for a Gag Order (Doc. No. 38); (4) Motion to Certify Class (Doc. No. 61); and (5) Request for Court Action (Doc. No. 87).[6]

---

[6] Plaintiff's Request for Court Action included a request for a stay because he alleged that Defendants removed his research, and because his incarceration at a different

14

## A. Plaintiff's Motion to Strike

Plaintiff moved to strike Defendants' reply in support of their Motion to Dismiss on the grounds that Defendants raised new arguments to which he was unable to reply. (Doc. No. 86.) The Magistrate Judge considered Plaintiff's arguments; however, she found that Defendants' reply did not raise new arguments or present matters that did not relate to Plaintiff's response, and concluded that they did not violate the Local Rules in any manner that would justify striking their reply. She correctly observed that "[a] reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response." (R&R at 17 (citing Local Rule 7.1(c)(3)).) Accordingly, the Magistrate Judge recommended that the Court deny Plaintiff's Motion to Strike. (*Id.* at 17.)

Plaintiff contends that the Magistrate Judge "ignored the claim" that "Defendants violated the adversarial process by keeping the details for their reply." (Obj. at 3.) As noted above, the record reflects that this is clearly not the case. The Court finds that the Magistrate Judge properly considered and rejected Plaintiff's argument. The Court agrees with her analysis and conclusion and finds no reason to depart from her recommendation to deny Plaintiff's Motion to Strike.

---

facility exacerbated his sleep problems. (Doc. No. 87 at 6-8.) He also requested leave to file an "oversized" amended complaint, and requested sanctions in the form of being transferred back to his original facility, his old job at that facility, return of all property, and judgment in his favor in a 2017 discipline claim. (*Id.* at 8-11.)

15

### B. Plaintiff's Request for a Stay and Sanctions

Plaintiff filed a request to stay Defendants' Motion to Dismiss pending recovery from a medical condition. (Doc. No. 36 at 1.) He also requested that Defendants be sanctioned for an alleged "inappropriate response" to his discovery request. (*Id.* at 5.) Magistrate Judge Wright considered Plaintiff's arguments; however, she observed that even in his request to stay the proceedings, Plaintiff appeared to withdraw his request at the end of his brief. (R&R at 52 (citing Doc. No. 36 at 7 ("Plaintiff therefore requests the remainder of the relief requested absent the stay.")).) She also noted that Plaintiff stated in his reply brief that that he was no longer requesting a stay. (*Id.* (citing Doc. No. 51 at 2 ("Were plaintiff still requesting a stay it would have been warranted.")).) Accordingly, she concluded that Plaintiff's Request for a Stay and Sanctions was moot and recommended that the Court deny his request for a stay. (*Id.* at 53.) Magistrate Judge Wright also recommended that the Court deny Plaintiff's request for sanctions because it is unclear what form the alleged "inappropriate response" took, and because the parties stipulated to a stay of discovery. (*Id.* at 53.)

Plaintiff contends that the Magistrate Judge ignored the context of his request for sanctions and reasserts his argument that Defendants deliberately mislead the court. (Obj. at 26-27.) The Court finds that the Magistrate Judge properly considered and rejected Plaintiff's argument, and that her recommendation is both factually and legally correct. Accordingly, the Court finds no reason to depart from her recommendation.

16

### C. Remaining Motions

Magistrate Judge Wright recommended denying Plaintiff's Request for a Gag Order (Doc. No. 38) because he cited no authority in support of his argument and because Defendants identified serious concerns that would arise from imposing such an order. (R&R at 54.) Plaintiff maintains that "some manner of restraint be imposed" and asks the Court to use its "equitable powers" to fashion an appropriate remedy. (Obj. at 25.) Notwithstanding, the Court agrees with Magistrate Judge Wright and finds no reason to depart from her recommendation to deny Plaintiff's request for a gag order.

Magistrate Judge Wright also recommended denying Plaintiff's Motion to Certify Class (Doc. No. 61) as moot. (R&R. at 54.) Magistrate Judge Wright observed that even if she had not recommended dismissing all of Plaintiff's claims against Defendants, she would still recommend denying Plaintiff's Motion to Certify Class as premature because no discovery has taken place and the scope of the case is uncertain. (*Id.*) Plaintiff concedes that his motion to certify may be premature; however, he contends that it is not moot. (Obj. at 25-26.) The Court agrees with the Magistrate Judge's factually and legally correct recommendation to deny Plaintiff's motion as moot. The Court further affirms her recommendation that even if Plaintiff's motion survived Defendants' motion to dismiss, Plaintiff's motion to certify as a class action would still be denied as premature.

Finally, Magistrate Judge Wright recommended denying Plaintiff's Request for Court Actions (Doc. No. 87) because: (1) there is no need for a stay because the pending motions have been fully briefed; (2) Plaintiff did not propose an amended complaint or

seek leave to file an amended complaint, and the retaliation allegations in his request are as conclusory as the retaliation allegations in the Complaint that fail to state a claim for relief; and (3) the sanctions Plaintiff seeks are tantamount to the relief he requested if he succeeded in his original claims. (R&R at 55-56.) Magistrate Judge Wright correctly observed that because she recommended dismissal of the Complaint, she cannot recommend an award of such sanctions. (*Id.*)

Plaintiff argues that the Magistrate Judge is incorrect because there are additional pleadings he intends to file, "considerable evidence exists from which the retaliatory nature of the most recent transfer can be inferred," and the sanctions are different than his requested relief because they are necessary to "restore the status quo which was intentionally torn asunder by Defendants." (Obj. at 27-28.) The Court understands that Plaintiff disagrees with the Magistrate Judge's recommendation; however, her recommendation is both factually and legally correct. Accordingly, the Court finds no reason to depart from it.

## CONCLUSION

After careful review of Plaintiff's objections, the Court finds that Magistrate Judge Wright's recommendations are thorough, well-supported, and grounded in law and fact. Accordingly, the Court finds no reason to depart from the Magistrate Judge's recommendations to grant Defendants' Motion to Dismiss and to dismiss Plaintiff's motions.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Joel Munt's objections (Doc. No. [91]) to Magistrate Judge Elizabeth Cowan Wright's January 31, 2020 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Elizabeth Cowan Wright's January 31, 2020 Report and Recommendation (Doc. No. [90]) is **ADOPTED**.

3. Defendants' Motion to Dismiss (Doc. No. [29]) is **GRANTED**.

4. Plaintiff Joel Munt's Request for a Stay and Sanctions (Doc. No. [36]) is **DENIED**.

5. Plaintiff Joel Munt's Request for a Gag Order (Doc. No. [38]) is **DENIED**.

6. Plaintiff Joel Munt's Motion to Certify Class (Doc. No. [61]) is **DENIED**.

7. Plaintiff Joel Munt's Request for Sanctions (Doc. No. [67]) is **DENIED**.

8. Plaintiff Joel Munt's Motion to Strike (Doc. No. [86]) is **DENIED**.

9. Plaintiff Joel Munt's Request for Court Actions (Doc. No. [87]) is **DENIED**.

10. Plaintiff Joel Munt's Complaint (Doc. No. [1]) is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINLGY.**

Dated: February 28, 2020         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge